UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GILBERT CHAVEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CITIMORTGAGE, INC.<br><br>        Defendant. | Case No. 17-cv-01205 NC<br><br>**ORDER DENYING IN PART, AND GRANTING IN PART, CITIMORTGAGE'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 8 |

Plaintiff Gilbert Chavez's home was foreclosed upon by defendant CitiMortgage, Inc. Though his complaint seeks relief on a number of grounds, the heart of his complaint is his allegation that while he diligently sought to obtain a loan modification from his mortgage servicer, CitiMortgage, CitiMortgage was playing both hands. On one hand it worked with him on his loan modification while on the other it unlawfully proceeded with the foreclosure process.

As drafted, Chavez's complaint states a claim only under Cal. Civil Code § 2923.6. The motion to dismiss that claim is DENIED. All other claims are DISMISSED WITH LEAVE TO AMEND.

## I.    BACKGROUND

### A.    Factual Allegations

Chavez is the former homeowner of a property in San Jose, California. Dkt. No. 1-

1 (Complaint) at 4. CitiMortgage previously served, and apparently still serves, as a mortgage servicer for the property. Dkt. No. 9-1 at 59, 64.[1] As of around May 2016, Chavez no longer was able to make payments on his mortgage loan due to financial hardship. Dkt. No. 1-1 at 5. Per Chavez, beginning in April 2016, he began seeking a loan modification from CitiMortgage, and "sent all requested documentation and forms attendant to submitting a complete loan modification application." *Id*. at 6. The representations from CitiMortgage allegedly stated that if he entered into a loan modification with CitiMortgage, he could avoid foreclosure. *Id*. Chavez allegedly relied on these representations such that he took no other steps to avoid foreclosure. *Id*.

What followed were a series of exchanges between Chavez, his single point of contact within CitiMortgage, Danny Trevino, and CitiMortgage. These exchanges resulted in repeated requests for the same or new documentation over a period of approximately six months, Chavez's alleged furnishing of the documents, and the foreclosure of Chavez's home. *Id*. at 7-14. Chavez alleges that at no point did CitiMortgage ever inform him it denied his loan modification. *Id*. at 14. Chavez's home was sold on December 28, 2016 to U.S. Bank Association as trustee for CMALT REMIC Series 2007-A5 - REMIC PASS-THROUGH CERTIFICATES SERIES 2007-A5. Dkt. No. 9-1 at 64 ("Trustee's Deed Upon Sale").[2]

Chavez informed Trevino of his home's sale, because Trevino thought Chavez was still in the loan modification process. *Id*. at 15. On or about January 27, 2017, CitiMortgage provided Chavez with a three-day eviction notice to quit his property. *Id*.

---

[1] CitiMortgage requests judicial notice of recorded documents tracing the chain of title of the property. The Court GRANTS CitiMortgage's request for judicial notice, observing that all of the documents requested to be noticed are undisputed and in the public record as recorded documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing Fed. R. Evid. 201). The Court notes the documents' existences in the public record, not necessarily the truth of their contents.
[2] The complaint states two different dates on which the Trustee's sale was held. First, it states that the sale was to occur on December 28, 2016. Dkt. No. 1-1 at 13. Then, it states that the sale occurred on December 8, 2016. *Id*. at 14. Based on the judicially noticeable documents filed with the Court, the Court accepts the December 28, 2016 date based on the Trustee's Deed Upon Sale.

United States District Court
Northern District of California

Chavez still resides on the property.

### B.    Procedural History

Chavez filed this case in Santa Clara County Superior Court on February 6, 2017, and CitiMortgage timely removed this case based on diversity jurisdiction on March 8, 2017. Dkt. No. 1. Chavez alleges claims for (1) breach of contract, (2) breach of covenant of good faith and fair dealing, (3) promissory estoppel, (4) fraudulent misrepresentation, (5) wrongful foreclosure in violation of Cal. Civil Code § 2923.5, (6) dual tracking in violation of Cal. Civil Code § 2923.6, (7) violations of Cal. Business and Professions Code § 17200, (8) violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et. seq*., and (9) quiet title. Dkt. No. 1-1. CitiMortgage filed a motion to dismiss the complaint on March 15, 2017. Dkt. No. 8. Both parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 7, 15.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.    Leave to Amend

Under Federal Rule of Civil Procedure 15(a), a court should grant leave to amend

"when justice so requires," because "the purpose of Rule 15. . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez*, 203 F.3d at 1127. A court may deny leave to amend for several reasons, including "undue delay, bad faith, . . . [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003).

## III.   DISCUSSION

CitiMortgage moves to dismiss the complaint in its entirety. Chavez opposes.

### A.   Breach of Contract

CitiMortgage first seeks to dismiss Chavez's breach of contract claim. Under California law, the elements of breach of contract are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Reichert v. Gen. Ins. Co. of Am*., 68 Cal. 2d 822, 830 (1968). Chavez alleges that the breached contract is the original loan contract on his home, and that the breach was of section 16 of the deed of trust, which states that the "rights and obligations of the Security Instrument" are subject to applicable law. Dkt. No. 13 at 8. It is unclear whether Chavez's dual tracking allegations constitute a breach of contract based on the vagueness of the language in the complaint. What is clear, however, is that Chavez admitted in the complaint that at the time of the alleged breach, *he* was not performing on the contract at issue because he had fallen behind on his loan payments. Dkt. No. 1-1 at 16. Thus, the breach of contract claim is DISMISSED WITHOUT PREJUDICE.

### B.   Breach of the Covenant of Good Faith and Fair Dealing

Second, CitiMortgage moves to dismiss Chavez's breach of the covenant of good faith and fair dealing. The duty of good faith and fair dealing is implied by law into every contract, functioning "as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." *Gonzalez v. JPMorgan Chase Bank, N.A.*, No. 14-cv-02558 EMC, 2014 WL 5462550, at *7 (N.D. Cal. Oct. 28, 2014) (quoting *Thrifty Payless, Inc. v. Americana at Brand, LLC*,

218 Cal. App. 4th 1230, 1244 (2013)).

This claim is DISMISSED WITHOUT PREJUDICE for the same reason that the breach of contract claim was dismissed: Chavez also breached the contract. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (citing Judicial Council of California Civil Jury Instruction 325) (the elements of a breach of the covenant of good faith and fair dealing claim are: "(1) the parties entered into a contract; (2) *the plaintiff fulfilled his obligations under the contract*; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct" (emphasis added)).

### C. Promissory Estoppel

Third, CitiMortgage moves to dismiss Chavez's promissory estoppel claim. "Promissory estoppel requires: (1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance." *Boon Rawd Trading Int'l Co. v. Paleewong Trading Co.*, 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010). A promise must be "sufficiently definite to support promissory estoppel." *Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031, 1045 (2010). "To be enforceable, a promise need only be definite enough that a court can determine the scope of the duty, and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Id.* The promise at issue here is CitiMortgage's alleged April 2016 "offer" to Chavez to conduct a "good faith review of a loan modification through the submission of a completed [loan modification] application." Dkt. No. 1-1 at 23. There was no promise to actually grant a loan modification.

The Court stops at the first element. Even if Chavez can prove that CitiMortgage failed to deliver on the alleged "offer" to conduct a "good faith review," that failure is not actionable as a matter of law. *Hosseini v. Wells Fargo Bank, N.A.*, No. 13-cv-02066 DMR, 2013 WL 4279632, at *6 (N.D. Cal. Aug. 9, 2013) ("The only promise made by

Defendant that Plaintiffs identify is the statement that it would provide a 'good faith evaluation' of the loan modification application. Although this representation implies something about the future, it is not a clear, unambiguous, enforceable promise that would support a promissory estoppel claim."); *accord Alvarez v. Nationstar Mortg. LLC*, No. 15-cv-04204 BLF, 2017 WL 1153029, at *4 (N.D. Cal. Mar. 28, 2017). If Chavez wishes to replead this claim, the alleged promise in that claim must be "clear and unambiguous in its terms." *Boon Rawd*, 688 F. Supp. 2d at 953. The promissory estoppel claim is DISMISSED WITHOUT PREJUDICE.

### D. Fraudulent Misrepresentation

Fourth, CitiMortgage moves to dismiss Chavez's fraudulent misrepresentation claim. The elements of fraudulent misrepresentation under California law are: "(1) the defendant misrepresents material facts; (2) with knowledge of the falsity of the representations or the duty of disclosure; (3) with intent to defraud or induce reliance; (4) which induces justifiable reliance by the plaintiff; (5) to his or her detriment." *Terra Ins. Co. v. N.Y. Life Inv. Mgmt. LLC*, 717 F. Supp. 2d 883, 890 (N.D. Cal. 2010) (citing *Hahn v. Mirda*, 147 Cal. App. 4th, 740, 748 (2007)).

A plaintiff bringing a claim for fraud must plead "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The pleading must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Sanford v. Memberworks, Inc*., 625 F.3d 550, 558 (9th Cir. 2010). To avoid dismissal, "the complaint must describe the time, place, and specific content of the false representations and identify the parties to the misrepresentations." *NavCom Tech., Inc. v. Oki Elec. Indus. Co., Ltd*., No. 12-cv-04175 EJD, 2014 WL 991102, at *4 (N.D. Cal. Mar. 11, 2014).

The allegations in the complaint do not meet the heightened pleading requirements of Rule 9(b). The fraud allegations boil down to CitiMortgage's having allowed Chavez to file a loan modification application, Mr. Trevino telling him nothing else needed to be filed, and CitiMortgage's later foreclosure on his home less than seven days after

informing him that his application was no longer under review. Dkt. No. 1-1 at 27-29. It is unclear which representations made to Chavez by CitiMortgage or Mr. Trevino were false. All the complaint says to this effect is that "Defendant has repeatedly made representations to Plaintiff that it knew or should have known were deliberately and detrimentally misleading." *Id*. at 29. The Court is at a loss to guess which representations were misleading. The other elements of fraudulent misrepresentation are likewise insufficiently pled because it is unclear which misrepresentations were knowingly made, the intent behind them, and Chavez's justifiable reliance on such misrepresentations. *See Alvarez*, 2017 WL 1153029, at *4. Thus, the fraudulent misrepresentation claim is DISMISSED WITHOUT PREJUDICE.

### E.    Wrongful Foreclosure

Fifth, Chavez's wrongful foreclosure claims are twofold, and bear more discussion.

#### 1.    Tender Rule

As to CitiMortgage's argument that Chavez's wrongful foreclosure claims fail because he failed to allege that he was willing to tender the full loan proceeds, the Court rejects this argument. Dkt. No. 8 at 17. There are four exceptions to the tender rule. *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112 (2011). As relevant here, one exception is that "a tender may not be required where it would be inequitable to impose such a condition on the party challenging the sale." *Id*. at 113 (citation omitted). This is because "[c]ase law requiring payment or tender of the full amount of payment before any foreclosure sale can be postponed . . . arises out of a paradigm where, *by definition*, there is no way that a foreclosure sale can be avoided absent payment of all the indebtedness." *Majd v. Bank of Am., N.A.*, 243 Cal. App. 4th 1293, 1306 (2015), *as modified* (Jan. 14, 2016) (emphasis in original). In *Majd*, for example, the California court allowed claims for wrongful foreclosure and under the Unfair Competition Law to survive on these grounds despite the fact that the debtors could not tender the full loan amount. *Id*. The Court does the same here, despite Chavez's failure to allege "prejudice in that he may have been able to avoid the foreclosure had [CitiMortgage] completed the modification review process in good

faith." *Id.* at 1307.  The Court will not throw out these claims on a technical deficiency in the complaint.  However, in the amended complaint, Chavez must plead that he suffered prejudice in CitiMortgage not having completed the loan modification review process.

Chavez presents two theories of wrongful foreclosure.  He alleges that CitiMortgage violated Cal. Civil Code § 2923.5 and § 2923.6.

### 2.    Cal. Civil Code § 2923.5

CitiMortgage moves to dismiss Chavez's claim under Cal. Civil Code § 2923.5 because it provided a recorded declaration attached to the notice of default attesting to its compliance with an analogous Cal. Civil Code provision.  Dkt. No. 8 at 18.  Chavez contends he stated a claim under this statute because CitiMortgage did not fulfill its duty to provide him with options to avoid foreclosure.  Dkt. No. 13 at 12.

As relevant here, § 2923.5 requires a "mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent" to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" before recording a notice of default.  Cal. Civ. Code § 2923.5. CitiMortgage presented to the Court a declaration tracking an analogous code section, with identical language, dated April 5, 2016.  Dkt. No. 9-1 at 59 ("California Declaration of Compliance, Cal. Civ. Code § 2923.55(c)" stating, "The mortgage servicer has contacted the borrower pursuant to California Civil Code § 2923.55(b)(2) to 'assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.'").  Section 2923.55(b)(2) requires a mortgage servicer to "contact the borrower in person or by telephone in order to assess the borrower's financial situation."

The notice of default was not recorded until May 3, 2016.  *Id.* at 56.  The timing of the declaration, the notice of default, and Chavez's own allegations undermine any claim for violations of § 2923.5 because, consistent with the declaration, Chavez alleges in the complaint that "in April of 2016, [CitiMortgage] did offer [Chavez] an opportunity for a good faith review of a loan modification through the submission of a completed application."  Dkt. No. 1-1 at 30.  Chavez's opposition defending the viability of this claim

is devoid of factual or legal authority.  Thus, this claim is DISMISSED WITHOUT PREJUDICE.

### 3.    Cal. Civil Code § 2923.6

Chavez alleges CitiMortgage instituted "foreclosure proceedings against his property while" CitiMortgage "claimed to be working with him on his loan modification application."  Dkt. No. 1-1 at 33.  CitiMortgage contends that because Chavez did not submit a complete loan modification application, this claim fails.  Dkt. No. 8 at 19.

Dual tracking "occurs when a financial institution 'continue[s] to pursue foreclosure even while evaluating a borrower's loan modification application.'"  *Foronda v. Wells Fargo Home Mortg., Inc.*, No. 14-cv-03513 LHK, 2014 WL 6706815, at *6 (N.D. Cal. Nov. 26, 2014) (quoting *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1149 (N.D. Cal. 2013)).  The prohibition against dual tracking is codified at California Civil Code § 2923.6(c).  Section 2923.6(c) provides that "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer . . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending."  "[A]n application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer."  Cal. Civ. Code § 2923.6(h).

As relevant here, after a completed application is submitted to the mortgage servicer, the servicer may not "conduct a trustee's sale until any of the following occurs: (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired."  Subsection (d) provides that upon denial of an application, the borrower must be given "at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error."  § 2923.6(d).

For purposes of this motion, Chavez sufficiently alleged he submitted a "complete" application based on his allegations of CitiMortgage's repeated requests for information

and his prompt compliance with these requests. Dkt. No. 1-1 at 6-14. While CitiMortgage was requesting additional information in September 2016, Chavez alleges that he "received a Notice of Trustee Sale informing that his property was scheduled to be sold on or about October 10, 2016." *Id*. at 9. At about the same time, Chavez alleges, Mr. Trevino informed Chavez "that his application had now been provided to the underwriters for review," and that "no further documentation was needed." *Id*. Chavez was soon after told that his application was incomplete and that he needed to provide additional documents, which he did. *Id*. at 10, 12. Thus, this pattern of CitiMortgage requesting additional information it had already received while it rescheduled the trustee's sale continued until late December. *Id*. at 10-14. Chavez alleges he sent CitiMortgage all information requested. *Id*. at 13-14. On December 21, 2016, CitiMortgage informed Chavez that his loan modification was no longer under review due to his failure to produce a stamped 2015 tax document. *Id*. at 14.

Though the Court agrees that Chavez did not explicitly state he submitted the stamped 2015 tax document, *see* dkt. no. 19 at 6, at the motion to dismiss stage, the Court construes all allegations of material fact in the light most favorable to Chavez. *Cahill*, 80 F.3d at 337-38. Chavez's repeated protestations that he complied with all requests for documents are construed as true. The Court will find for purposes of this motion that Chavez submitted a completed application. Because Chavez allegedly submitted a completed application, he has stated a claim for relief under § 2923.6 because (1) his application was never formally denied, and (2) even if it was denied, he was given no opportunity to appeal that denial pursuant to § 2923.6(d). Yet Chavez is warned that if he cannot show he submitted a completed loan modification application to CitiMortgage, his claim for violations of § 2923.6 will be dismissed.

### F. Unfair Competition Law

Sixth, Chavez alleges a violation of California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200. Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A private person has standing

to sue for relief from unfair competition only if that person suffered injury in fact and lost money or property as a result of the unfair competition. Cal. Bus. & Prof. Code § 17204; *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 227 (2006). To have standing, a plaintiff must sufficiently allege that (1) he has "lost 'money or property' sufficient to constitute an 'injury in fact'" and (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010) (citations omitted); *see also Alvarez*, 2017 WL 1153029, at *9. Chavez failed to allege any loss of money or property in the complaint other than providing the bare assertion that because of CitiMortgage, he suffered "various damages and injuries, including the cost of attempting to prevent the loss of title to the Property." *See* Dkt. No. 1-1 at 36-38. Such allegations are insufficient to constitute an injury in fact. The Court DISMISSES this claim WITHOUT PREJUDICE because Chavez may be able to amend this claim to state a claim under the "unfair" prong of the UCL, or the "unlawful" or fraudulent" prongs.

### G. Rosenthal Fair Debt Collection Practices Act

Seventh, Chavez alleges a violation of the Rosenthal Fair Debt Collection Practices Act (RFDCPA). Chavez asserts CitiMortgage "knowingly made false and misleading statements to [Chavez] in an attempt to collect a debt. . . . Specifically, [CitiMortgage] told [Chavez] that, if [Chavez] entered and completed a loan modification application with [it] and forwent other avenues for foreclosure avoidance, [CitiMortgage] would halt [Chavez's] foreclosure for good faith review of the application." Dkt. No. 1-1 at 39-40. CitiMortgage moves to dismiss this claim.

The RFDCPA forbids creditors and debt collectors from making false, deceptive, or misleading representations in an effort to collect a debt. Cal. Civ. Code § 1788, *et seq*. A "debt collector" is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code, § 1788.2(c).

The Court first notes that "offering an evaluation of a loan modification application

or performing a foreclosure proceedings are not debt collection activities." *Alvarez*, 2017 WL 1153029, at *10; *Rosal v. First Fed. Bank of California*, 671 F. Supp. 2d 1111, 1135 (N.D. Cal. 2009). Defendant argues this point, and in opposition, Chavez alleges that his RFDCPA claim is not based on CitiMortgage's foreclosure efforts, but rather on its "debt collection efforts." Dkt. No. 13 at 15. Chavez urges the Court to rely on *Ohlendorf v. Am. Home Mortg. Servicing*, 279 F.R.D. 575 (E.D. Cal. 2010), which another court in a nearly identical case with nearly identical factual allegations, also filed by Chavez's counsel, already found inapposite under these circumstances. *Alvarez*, 2017 WL 1153029, at *10 ("the plaintiff in *Ohlendorf* made specific allegations that the defendant made 'false reports to credit reporting agencies,' falsely stated the amount of debt, and falsely stated a debt was owed, all in an effort to collect payment from the plaintiff. [citation omitted] In contrast, the SAC relies only on the allegations that Nationstar offered Alvarez an opportunity to complete a loan modification application and to delay a foreclosure proceeding").

Chavez has not alleged which provision of the RFDCPA CitiMortgage violated. Nor has he alleged that CitiMortgage is a "debt collector." The Court DISMISSES the RFDCPA claim WITHOUT PREJUDICE.

## H. Quiet Title

Lastly, Chavez brings a claim to quiet title. To state a claim for quiet title under California law, the plaintiff must include the following in the complaint:

> (a) A description of the property that is the subject of the action;
> (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title; (c) The adverse claims to the title of the plaintiff against which a determination is sought; (d) The date as of which the determination is sought; (e) A prayer for the determination of the title of the plaintiff against the adverse claims.

*Wong v. First Magnus Fin. Corp.*, No. 09-cv-01612 RMW, 2009 WL 2580353, at *4 (N.D. Cal. Aug. 20, 2009) (citing Cal. Code Civ. P. § 761.020). Courts have clarified that "[a] mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934). Thus, tender is required to maintain an

action to quiet title unless the "borrower challenges the validity of the underlying debt." *Lona*, 202 Cal. App. 4th at 112. Here, Chavez did not allege he tendered the remaining balance on his mortgage loan before or after his home was foreclosed upon. Nor did he allege the underlying mortgage loan was invalid, for example, that it was predatory, or that Chavez lacked the capacity to enter into the loan. As a result, the Court DISMISSES WITHOUT PREJUDICE, Chavez's quiet title claim.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES IN PART, and GRANTS IN PART CitiMortgage's motion to dismiss Chavez's complaint WITH LEAVE TO AMEND. Consistent with this order, the amended complaint must be filed by June 7, 2017. Chavez may not add additional claims or parties absent leave of Court. CitiMortgage need not answer the complaint until Chavez files an amended complaint or files notice that he will not amend.

**IT IS SO ORDERED.**

Dated: May 17, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge